UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

RANDALL TRAPP,
    Petitioner
V.

LUIS SPENCER, Superintendent at MCI-NORFOLK
    Respondent

Civil Action No.
05-11103-PBS

### PETITIONER'S OPPOSITION TO RESPONDENT'S MOTION TO DISMISS

The Petitioner in the above-numbered matter respectfully opposes the Respondent's motion to dismiss for filing an untimely petition for Habeas Corpus. While the Respondent has correctly noted, the initial decision denying the Petitioner's new trial motion was rendered on April 27, 2004, the Petitioner moved for rehearing and reconsideration on May 5, 2004 which was considered and denied on May 25, 2004. The matter was pending for purposes of the AEDPA until May 25, 2004, when the Supreme Judicial Court denied the petition for rehearing or reconsideration. The Court accepted as timely filed the petition for rehearing, considered it and denied it. The AEDPA encourages comity between the state and federal courts. Therefore, exclusion of time during which the state court collateral review occurs and any appeal taken therefrom respects the finality of the state court rulings. Tolling the entire period of state proceedings upholds the principle of comity.

However, as the Respondent also correctly noted, the petition was not timely filed due to attorney error. Counsel believed there was one year in which

to file the habeas petition from the date of the denial of the "gatekeeper" petition. In fact, in the instant case, the Supreme Judicial Court affirmed the conviction on July 31, 1996. Commonwealth v. Trapp, 423 Mass. 356 (1996). Counsel filed a petition for certiorari which was denied on December 16, 1996. Trapp v. Massachusetts, 519 U.S. 1045 (1996). Mr. Trapp filed his *pro se* new trial motion on July 31, 1997 which was pending until May 25, 2005. Therefore, the actual due date of the petition for habeas corpus was October 14, 2004.

Due to the egregious error of counsel and the merits of this first petition for habeas corpus review, the Petitioner seeks to allow his habeas petition under an equitable tolling argument.

## REQUEST FOR ORAL ARGUMENT

Pursuant to LR 17.1(D), the petitioner respectfully requests that this Honorable Court order oral argument on the above-entitled matter. As reasons therefore, the Petitioner states that the claim of equitable tolling of 28 U.S.C. sec. 2254 is factually driven and oral argument would greatly assist the Court's assessment of the issues.

## FACTS

The Petitioner incorporates, by reference, all facts stated in the memorandum in support of the petition for habeas corpus filed on May 25, 2005. In addition, counsel has attached an affidavit.

## ARGUMENT

In the present matter, counsel appointed by the Committee for Public Counsel Services to represent Mr. Trapp in his collateral appeal was authorized to seek habeas review if necessary at the time of the appointment. Counsel was incorrectly under the impression that the habeas statute of limitations began to run when the Supreme Judicial Court denied the collateral review. This error, which amounts to more than an error of negligence, should not be imparted onto the Petitioner for the following reasons.

**1. THE LIMITATIONS PERIOD OF THE AEDPA IS NOT JURISDICTIONAL AND EQUITABLE TOLLING IS AVAILABLE IN CERTAIN CIRCUMSTANCES.**

Equitable tolling is available when extraordinary circumstances make it impossible for a petitioner to file his request for habeas review timely. Stillman v. LaMarque, 319 F.3d 1199, 1202 (9th Cir. 2003). Wrongful conduct by the state or egregious behavior by counsel can establish sufficient cause for equitable tolling of the statute of limitations. See, e.g. Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000), Lott v. Mueller, 304 F.3d 918, 925 (9th Cir. 2002), Spitsyn v. Moore, 345 F.3d 796, 801 (9th Cir. 2003). When unjust conduct, due to no fault of the Petitioner, prevents him from receiving a review on the merits of his first habeas petition, consideration of equitable tolling is appropriate.

Indeed when considering dismissal of the first petition for habeas review, courts should be mindful of the history of the writ.

> In earlier times, the courts followed comparatively simple rules, even occasionally disregarding complex procedural doctrines, such as res judicata, see McCleskey, supra, at 479, 111 S.Ct., at 1462, as they exercised the writ in light of its most basic purpose,

3

> avoiding serious abuses of power by a government, say a king's imprisonment of an individual without referring the matter to a court. See, e.g., L. Yackle, Postconviction Remedies § 4, pp. 9-11 (1981); W. Duker, A Constitutional History of Habeas Corpus 4-6 (1980); W. Church, A Treatise on the Writ of Habeas Corpus § § 1-46, pp. 2-40 (2d ed. 1893). As the writ has evolved into an instrument that now demands not only conviction by a court of competent jurisdiction, see In re Coy, 127 U.S. 731, 756-758, 8 S.Ct. 1263, 1271-1272, 32 L.Ed. 274 (1888), but also application of basic constitutional doctrines of fairness, see Jones v. Cunningham, 371 U.S. 236, 243, 83 S.Ct. 373, 377, 9 L.Ed.2d 285 (1963), Congress, the Rule writers, and the courts have developed more complex procedural principles that regularize and thereby narrow the discretion that individual judges can freely exercise. Those principles seek to maintain the courts' freedom to issue the writ, aptly described as the "highest safeguard of liberty," Smith v. Bennett, 365 U.S. 708, 712, 81 S.Ct. 895, 898, 6 L.Ed.2d 39 (1961), while at the same time avoiding serious, improper delay, expense, complexity, and interference with a State's interest in the "finality" of *323 its own legal processes. Withrow v. Williams, 507 U.S. 680, 698, 113 S.Ct. 1745, 1756, 123 L.Ed.2d 407 (1993) (O'CONNOR, J., concurring in part and dissenting in part); McCleskey, supra, at 490-492, 111 S.Ct., at 1468-1469; Reed v. Ross, 468 U.S. 1, 10, 104 S.Ct. 2901, 2907, 82 L.Ed.2d 1 (1984). These legal principles are embodied in statutes, rules, precedents, and practices that control the writ's exercise. Within constitutional constraints they reflect a balancing of objectives (sometimes controversial), which is normally for Congress to make, but which courts will make when Congress has not resolved the question. See Brecht v. Abrahamson, 507 U.S. 619, 632-633, 113 S.Ct. 1710, 1719-1720, 123 L.Ed.2d 353 (1993).

Lonchar v. Thomas, 517 U.S. 314, 322-323 (1996).

Several factors influence courts when determining if equitable tolling is appropriate. The First Circuit has weighed the following factors: (1) the lack of actual notice of the filing requirement, (2) the lack of constructive notice of the filing requirement, (3) the diligence in pursuing one's rights, (4) the absence of prejudice to the defendant, an (5) the plaintiff's reasonableness in remaining ignorant of the filing requirement. Benitez-Pons v. Commonwealth of Puerto

4

Rico, 136 F.3d 54, 61 (1st Cir. 1998). While those factors present a guide, they are not exhaustive in determining whether equitable tolling applies. Id. Of the five factors, three apply directly to the instant matter.

### (A) THE PETITIONER WAS, AT ALL TIMES, DILIGENT IN PURSUING HIS RIGHTS.

In the present case, Mr. Trapp pursued every avenue to preserve his appellate rights including filing his *pro se* new trial motion within one year of the Supreme Judicial Court affirming his conviction in order to toll the statute of limitations for his habeas review. He continued to request appointed counsel even after the Superior Court denied his new trial motion and while that denial was pending before a single justice of the Supreme Judicial Court. When he finally obtained counsel, who ultimately amended his new trial motion and succeeded in maintaining the matter on the Supreme Judicial Court docket for the several years it took to decide the amended motion, he was actively involved in every aspect of the case. Mr. Trapp continually asked about his habeas claim and wanted to know which issues would be reviewed by the federal court. Mr. Trapp relied on his lawyer's statements but was, at all times, personally diligent in pursuing his rights. (See, Affidavit of Victoria L. Nadel, attached)

### (B) THERE IS NO PREJUDICE TO THE DEFENDANT.

In the present matter, the Petitioner seeks to toll close to eight months of time. Even if the Respondent's math calculating the appropriate filing date of July 27, 2004 is correct, the equitable tolling request is a matter of ten months. Realistically, this does not prejudice the Commonwealth in its claim. It is not an

undue delay which may impair the Commonwealth's case. It is not an extraordinary period of time and it has no bearing on the Commonwealth's ability to refute the Petitioner's claims successfully. Therefore, had this petition been timely filed, the Commonwealth would be in the exact same position it is in at this time in terms of the substance and merit of the arguments.

### (C) THE PETTIONER'S IGNORANCE WAS ENTIRELY REASONABLE.

Mr. Trapp met his attorney several years ago and their working relationship has been excellent. Mr. Trapp learned to trust and depend on his counsel to protect his interests, preserve his claims and argue on his behalf. Mr. Trapp believed that his lawyer was a zealous and effective advocate who deeply cared about him as a person as well as the legal claims Mr. Trapp's case presented. Until his lawyer erred in filing the petition for habeas corpus late, Mr. Trapp's dependence, trust and reliance were completely well founded. Therefore, when he trusted his lawyer that his habeas rights were protected, he was justified in that belief. He had, until that moment, no reason to second guess his attorney or seek outside assistance in calculating time for filing his federal claim. His lawyer's error should not impact whether or not he receives full and fair federal review of his claims in this, his first petition for habeas corpus.

### 2. THE FACT THAT THIS IS THE FIRST REQUEST FOR FEDERAL REVIEW IS SIGNIFICANT.

In Lonchar v. Thomas, 517 U.S. 314 (1996), decided prior to the effective date of the AEDPA and the time constraints it imposes, the Court discussed the

gravity of dismissing a petitioner's first request for habeas review. Indeed, in Lonchar, the Court reversed a dismissal of the petitioner's writ and remanded for further proceedings. The Court exclaimed that the history of the writ ensures safeguarding the highest principles of liberty. Id. at 322.

> Dismissal of a first federal habeas petition is a particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty. See Ex parte Yerger, 8 Wall. 85, 95, 19 L.Ed. 332 (1869) (the writ "has been for centuries esteemed the best and only sufficient defence of personal freedom"); Withrow, supra, at 700, 113 S.Ct., at 1758 (O'CONNOR, J., concurring in part and dissenting in part) (decisions involving limitation of habeas relief "warrant restraint"). Even in the context of "second and successive" petitions--which pose a greater threat to the State's interests in "finality" and are less likely to lead to the discovery of unconstitutional punishments--this Court has created careful rules for dismissal of petitions for abuse of the writ. See McCleskey, supra.

Lonchar v. Thomas, 517 U.S. at 324.

Indeed, courts have made exceptions and placed petitioners within the timeframe for filing even in unusual circumstances. For example, in Frasch v. Peguese, ___ F.3d ___, 2005 WL 1579790 (4th Cir. 2005), the petitioner pleaded guilty in state court in Maryland. Under Maryland law, he had the opportunity to apply for leave to appeal the guilty plea in a collateral, post-conviction proceeding within thirty days of his sentence. His attorney did not file the appeal and the petitioner did not seek review *pro se* within the allotted time period under the state law.

Almost ten years later, petitioner sought a belated review of his conviction, citing ineffective assistance of counsel for failing to file the

7

initial appeal in a timely fashion. The Court of Special Appeals of Maryland granted leave to file a belated appeal which was, ultimately denied. The petitioner then sought habeas review within one year of that denial which the district court dismissed as untimely. The Court of Appeals for the Fourth Circuit reversed because it determined that the belated appeal was a direct appeal, albeit it a dozen years after the original guilty plea.

Effectively, the Fourth Circuit equitably tolled the ten years between the conviction and the application for leave to file a late appeal even though the petitioner was not at all diligent in seeking to protect his rights under state law and there was nothing "pending" in state court which would toll the statute of limitation for purposes of the AEDPA. The Fourth Circuit tolled that time period even though, under ordinary circumstances, a defendant who pleads guilty waives or relinquishes all constitutional claims. Tollett v. Henderson, 411 U.S. 258, 267 (1973). Constitutional claims are the very claims which may be brought in federal court on a petition for habeas corpus.

In the present matter, the Petitioner seeks his first review of the state court findings. The petitioner has sought to protect his appellate interests and has been active in the appellate process. Mr. Trapp has, consistently, maintained that he suffers from a brain injury which affected his ability to form the requisite *mens rea* at the time of his offense. Experts at both trials discussed the injury and whether it existed as well as the effect of such an injury on an individual.

In the interim period between his conviction and his amended new trial motion, science has improved greatly and he now has the medical proof of a significant fact unavailable at trial, the undeniable existence of a brain injury. This is significant on its own and even more so given that one of his original claims on direct review involved a discovery order requiring him to deliver medical data which he did not intend to use at trial to the Commonwealth. The Commonwealth's experts then seized upon this irrelevant data to determine that no injury existed. Yet, experts for the defense insisted that the injury could exist even when certain tests prove negative since those tests were not definitive.

The defendant's experts proved to be correct since, as science evolved, a PET scan proved the existence of the injury originally cited by the defendant's trial experts. This proof entirely contradicts the statements made by the Commonwealth's experts at trial. Thus, while the defendant may not be able to demonstrate "actual innocence", he is able to demonstrate "actual brain defect" which would affect the jury's understanding of and deliberation about his insanity.

The Petitioner's arguments have merit, especially in the changing world of forensic science. He has never had an opportunity to present his claims for federal review and should be entitled to this last bastion to safeguard his liberty. Since he has been personally diligent in seeking to preserve his federal claims, in contrast to the petitioner in Frasch, *supra*, and requests a minimal amount of time to be tolled as opposed to the ten years allowed by the Fourth Circuit in Frasch, Mr. Trapp should not be forever impeded fm federal review. The merits of the petition and the fact that it is the first time the Petitioner is seeking federal review

9

warrant equitable tolling in the present matter.

### 3. ATTORNEY NEGLIGENCE AND INEFFECTIVE ASSISTANCE WARRANT EQUITABLE TOLLING.

Mr. Trapp killed Lawrence Norton on May 8, 1981. Mr. Trapp has maintained that he suffers from a brain injury which prevented him from forming the requisite intent to commit murder. In 2001, Mr. Trapp submitted to a PET scan which revealed that he did, indeed, have an organic brain defect, an issue which had been hotly debated at trial. At trial, experts for the defense and the Commonwealth argued over whether or not a brain injury existed and the instruction to the jury stated that if the jury found that no brain injury existed, it need deliberate no further on the issue of insanity. Advances in science have definitively proven that Mr. Trapp has an organic brain defect.

His insanity does not necessarily prevent him from discussing issues in his case, but it does significantly impair him. He trusted his attorney to file the petition for habeas corpus timely; counsel believed, incorrectly, that she had done so. There was no intentional delay by Mr. Trapp and, indeed, since he had received appointed counsel, the issue of meeting the deadline was out of his hands. Mr. Trapp was entitled to rely on counsel to assist him in perfecting his appeal. Hodas v. Sherburne, Powers & Needham, 938 F.Supp. 58 (D.Mass. 1996) (doctrine of continuing representation precludes faulty party for failing to second guess counsel.) While attorney negligence is not a sufficient rationale for tolling the limitations

period, Howell v. Crosby, ___ F.3d ___, 2005 WL 1554202 (11th Cir. 2005), egregious conduct by counsel has been held to establish sufficient cause for tolling the limitations period. Spitsyn v. Moore, 345 F.3d 796 (9th Cir. 2003).

In Spitsyn, the attorney failed to file the petition for habeas corpus on time despite calls from the client and his mother and did not return the client's case file until after the limitations period had passed. The instant matter is similar to the facts of Spitsyn. Counsel was informed well in advance that she would be responsible to file for habeas and misread the statute which is inexcusable and egregious behavior if it has the effect of preventing federal review of the state claims forever. Further, counsel informed Mr. Trapp of the wrong date for filing the claim in federal court upon which Mr. Trapp reasonably relied. This misstatement to a client who maintained active involvement in both trials, direct review and throughout the collateral process is beyond mere negligence. It is a factor which, in effect, prohibited or prevented Mr. Trapp from filing his claim on time.

Just as in the Spitsyn case, where counsel's inaction despite urging to file by the client, amounted to egregious behavior meriting equitable tolling, in the present matter, there was never any question that the client sought federal review of his claims. Indeed, prior to obtaining appointed counsel, Mr. Trapp had filed his own new trial motion in time to preserve his federal claims. He doggedly sought representation even after he filed his *pro se* motion in state court and finally secured counsel on whom he depended throughout the proceedings. Over the course of more than five years during which he was represented, Mr.

Trapp learned to trust and depend upon his attorney. That trust carried into the period in which the habeas petition should have been filed. Due to his attorney's error, not the defendant's, it was not timely.

In the present matter, the Committee for Public Counsel Services approved counsel to file the claim, the client reasonably relied on counsel to file timely and counsel erred. Equitable tolling is applicable because Mr. Trapp, who is already impaired due to his brain injury, relied on his lawyer's statements that his habeas rights were intact. His lawyer's egregious neglect of the appropriate time period despite concerns and cares of Mr. Trapp regarding his federal claims is reason to toll the time and consider the merits of the petition.

### 4. JUDICIAL ECONOMY DEMANDS THAT EQUITABLE TOLLING APPLY.

Further, since Mr. Trapp can and should seek review for ineffective assistance of counsel in state court, the merits of the petition for habeas corpus will be addressed at some point. See, Commonwealth v. Harbin, 435 Mass. 654, 662 (2002) (accepting without argument that ineffective assistance of post-conviction counsel is cognizable state claim), Bates v. Commonwealth, 434 Mass. 1019 (2001) (recognizing that a claim of ineffective assistance of appellate counsel may be made in a motion pursuant to Mass. R.Crim. P. 30, 378 Mass. 900 (1979)), Breese v. Commonwealth, 415 Mass. 249 (1993) (recognizing claim of ineffective assistance of second appellate counsel. Commonwealth argued that there is no right to counsel on post-conviction matters and therefore no right to effective assistance of counsel on post-conviction matters to which the

Supreme Judicial Court responded, "[w]hen counsel is appointed for a defendant that defendant is entitled to receive effective assistance from appointed counsel. We do not permit any counsel to fall below the [Commonwealth v. Saferian, 366 Mass 89 (1974)] standard." Commonwealth v. Breese, 415 Mass. at 251, n.4). If the substance of his claims have merit, Mr. Trapp will succeed on his ineffective assistance claim and the matter will be addressed in state court. If, on the other hand, there is no merit to the substance of his claims, then the matter will be over.

Counsel is not contesting here and would not contest that it was her error alone which prevented filing of a timely claim. On any ineffective assistance of counsel claim to be filed in the future, counsel would submit an affidavit, if asked, detailing the contacts between the client and her and Mr. Trapp's insistence on filing his federal habeas on time. Counsel would state, without equivocation, that she erred and that error cost Mr. Trapp his right to federal review.

Any future court, to determine whether or not the error by counsel prejudiced Mr. Trapp would be required to review the merits of the petition for habeas corpus. Strickland v. Washington, 466 U.S. 668, 685 (1984), United States v. Cronic, 466 U.S. 648, 656-657 (1984). To determine whether counsel was effective within the bounds of the Constitution, the defendant must show both that the attorney's performance was deficient and that that deficiency prejudiced the accused. Strickland, 466 U.S. at 687. Thus, the merits of the petition will be litigated either in the present petition or at a future date on an ineffective assistance of counsel claim.

Therefore, for reasons of judicial economy, equitable tolling should apply and the matter should proceed in this Honorable Court.

## CONCLUSION

For all of the foregoing, the Petitioner respectfully opposes the Respondent's motion to dismiss the petition as untimely and urges this Honorable Court to conclude that equitable tolling is warranted which would make the petition timely filed.

> RANDALL TRAPP
> By his attorney,
>
> _/s/ Victoria Nadel_
> Victoria L. Nadel
> 8 Winter Street
> Boston, MA 02108
> (617) 738-0474
> BBO# 630411