UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| RANDALL TRAPP, ) | | |
| Petitioner, ) | | |
|  ) | | |
| v. ) | Civil Action No. 05-11103-PBS | |
|  ) | | |
| LUIS SPENCER ) | | |
| Respondent. ) | | |

**RESPONSE TO PETITIONER'S OPPOSITION TO
RESPONDENT'S MOTION TO DISMISS
PETITION FOR WRIT OF HABEAS CORPUS**

The respondent, Luis Spencer, hereby responds to the petitioner's opposition to his motion to dismiss. In his opposition, the petitioner seeks equitable tolling because his habeas petition was not filed within the one year statute of limitations pursuant to 28 U.S.C. § 2244(d)(1). The petitioner claims that equitable tolling is appropriate in this case because he was diligent in pursuing his rights, there would be no prejudice to the respondent and his ignorance was entirely reasonable.

Although the First Circuit has recognized that in very limited situations the one-year statute of limitations for filing a habeas petition may be equitably tolled, it has cautioned that the doctrine should be invoked only "sparingly" and is "justified only in extraordinary circumstances." *Neverson v. Farquharson*, 366 F.3d 32, 42 (1st Cir. 2004) (citations omitted). *See also David v. Hall,* 318 F.3d 343, 346 (1st Cir.), *cert. denied*, 540 U.S. 815 (2003)("If equitable tolling is available to extend section 2244(d)'s limitations period, it can only do so for the most exceptional reasons"); *Donovan v. Maine*, 276 F.3d 87, 93 (1st Cir. 2002)("We have made it pellucid" that if equitable tolling is permissible under 28 U.S.C. §

2244(d)(1), it may be invoked only in the most "extraordinary circumstances"); *Delaney v. Matesanz*, 264 F.3d 7, 14-15 (1st Cir. 2001). Equitable tolling is "not available to rescue a litigant from his own lack of due diligence," and is appropriate "only when circumstances beyond the petitioner's control have prevented him from filing on time." *Neverson*, 366 F.3d at 42. Similarly, other circuits have curtailed the availability of equitable tolling in the context of habeas petitions. *See e.g., United States v. Marcello,* 212 F.3d 1005, 1010 (7th Cir. 2000)("the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule."); *Sandvik v. United States*, 177 F.3d 1269 (11th Cir. 1999) ("[E]quitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."); *Davis v. Johnson*, 158 F.3d. 806, 811 (5th Cir. 1998) (§2244(d)(1) can be tolled in "rare and exceptional circumstances").

The party seeking to invoke the equitable tolling doctrine "bears the burden of establishing the basis for it." *Neverson*, 366 F.3d at 41. *See also Pace v. DiGuglielmo*, __ U.S. __, 125 S.Ct. 1807, 1814 (2005). "Ignorance of the law alone, even for incarcerated *pro se* prisoners, does not excuse an untimely filing." *Lattimore v. Dubois*, 311 F.3d 46, 55 (1st Cir. 2002), *cert. denied,* 538 U.S. 966 (2003), citing *Delaney*, 264 F.3d at 15 (other citations omitted).

Here, the petitioner cannot show that there were extraordinary circumstances beyond his control which prevented him from timely filing his habeas petition. The petitioner asserts that equitable tolling should apply to him claim because his counsel was negligent in failing to file a timely habeas petition on his behalf. However, an attorney's error in not filing a timely habeas petition does not constitute grounds for equitable tolling.

*See David*, 318 F.3d at 345-46; *see also Kreutzer v. Boweresox*, 231 F.3d 460, 463 (8th Cir. 2000); *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). The First Circuit in David noted that "[i]f carelessness were an escape hatch from statutes of limitations, they would hardly ever bar claims." *David*, 318 F.3d at 346.

Moreover, the factors to which the petitioner cites as a basis for applying equitable tolling are unavailing. First, he claims that he has been diligent in pursuing his rights. This contention is not borne out by the docket of the state court. (See Middlesex Superior Court docket sheets attached to respondent's motion to dismiss). The murder underlying the petitioner's conviction occurred on May 7, 1981. He was originally convicted on October 10, 1982. After the SJC reversed the first conviction in 1985, the petitioner was re-tried and again found guilty of first-degree murder on October 20, 1987. After staying his appeal to seek relief in a motion for new trial, the SJC affirmed his conviction and the denial of the motion for new trial on July 31, 1996. The SJC noted that the "second trial centered around the prosecution's ability to prove that Trapp was criminally responsible for his action at the time of the homicide. The seven-day trial included testimony by seven experts on the issue of the defendant's criminal responsibility, four for the defense and three for the prosecution." *Commonwealth v. Trapp*, 423 Mass. 356, 358, 668 N.E.2d 327, 329 (1996).

A full year later, on July 31, 1997 the petitioner filed another motion for new trial, which was denied on September 9, 1997. Petitioner sought leave to appeal the denial of this motion from a single justice of the SJC pursuant to M.G.L. c. 278, § 33E on October 16, 1997. (See SJC for Suffolk County docket sheets attached to respondent's motion to dismiss). The case then lingered on the docket until May 12, 1999 when his current counsel was appointed. Thereafter the SJC single justice issued two orders calling for

dismissal of the case for failure to pursue the case on November 15, 1999, November 6, 2000 but agreed to allow the case to remain on the docket. Petitioner was allowed to go to Massachusetts General Hospital on June 25, 2001 for a PET scan. Petitioner's counsel then filed an amended motion for new trial on October 11, 2001, more than five years after the SJC had affirmed petitioner's conviction. This motion was denied without a hearing on June 27, 2002. Petitioner's counsel thereafter did not file anything further in the SJC single justice session until December 17, 2003. The application for leave to appeal was denied on April 27, 2004.

The foregoing chronology of events does not indicate that the petitioner diligently pursued his state court remedies. Not only did he pursue a defense that had already been presented at his second trial in 1987, but it took him seven years to make his way through the state court with that claim.

In light of the foregoing, allowing the petitioner to benefit from equitable tolling and bring a habeas corpus petition twenty-four years after the homicide occurred would surely prejudice the respondent. Defending a habeas claim based on new scientific evidence regarding a brain injury that was discovered twenty years after the crime would be extremely difficult for the respondent.

The petitioner's further argument in support of equitable tolling is that there has never been federal review of his claims. This argument, however, goes to the merits of the petition and not to the question of whether equity demands that the petitioner be permitted to proceed on his otherwise untimely claim. *See Pace*, __ U.S. __, 125 S.Ct. 1807, 1815 (2005) (rejecting claim for equitable tolling even though the petitioner argued that his sentence was "illegal").

Finally, the petitioner's argument that judicial economy demands that equitable tolling apply also must fail. He claims that he would seek review for ineffective assistance of counsel due to his attorney's failure to timely file a habeas corpus petition and then bring that claim in a later habeas petition. However, 28 U.S.C. § 2254(i) specifically states that ineffectiveness of counsel during Federal or State post-conviction relief shall not be a ground for relief in a § 2254 proceeding. Moreover petitioner would be precluded from bringing a second habeas petition under 28 U.S.C. § 2244.

In short, the petitioner has not shown any of the sort of exceptional circumstances beyond his control which have been noted in those cases in which the equitable tolling doctrine has been invoked. For example, in *Baldayaque v. United States*, 338 F.3d 145 (2d Cir. 2003), the Second Circuit held that "sufficiently egregious" behavior by counsel could constitute an extraordinary circumstance as required for equitable tolling where the attorney failed to file a motion to vacate despite being specifically asked to do so, to meet or speak to his client, or to do any legal research. *See Baldayaque,* 338 F.3d at 152; *see also Spitsyn v. Moore*, 345 F.3d 796, 801 (9th Cir. 2003) (attorney's failure to prepare a habeas corpus petition despite repeated requests to do so, while still maintaining control of petitioner's file, justifies equitable tolling). Equitable tolling was also warranted when the district court clerk's office erroneously rejected a *pro se* petition for stylistic problems and then lost the body of the petition, consuming 258 days of the 365-day limitation on filing. *See Corjasso v. Ayers*, 278 F.3d 874, 878 (9th Cir. 2002). *See also Phillips v. Donnelley*, 216 F.3d 508, 511 (5th Cir. 2000) (delay of four months between denial of appeal of state court and receipt of notification could qualify for equitable tolling). Similarly, it has been held that intentional confiscation of prisoner's legal documents by a corrections officer

shortly before filing deadline may justify equitable tolling, *Valverde v. Stinson*, 224 F.3d 129, 133 (2d Cir. 2000), and that an attorney's deception which caused the habeas petitioner to miss the filing deadline could warrant equitable tolling. *Seitzinger v. Reading Hosp. and Med. Ctr.,* 65 F.3d 236 (3d Cir. 1997). The petitioner has not shown any such extraordinary circumstances beyond his control which would justify equitable tolling.

        Respectfully submitted,

        THOMAS F. REILLY
        Attorney General

        /s/ Susanne G. Reardon
        Susanne G. Reardon, BBO # 561669
        Assistant Attorney General
        Criminal Bureau
        One Ashburton Place
        Boston, Massachusetts 02108
        (617) 727-2200, ext. 2832

July 29, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on petitioner's counsel:

Victoria Nadel, Esq.
8 Winter Street
Boston, MA 02108

by first class mail, postage prepaid, on July 29, 2005.

        /s/ Susanne G. Reardon
        Susanne G. Reardon
        BBO # 561669
        Assistant Attorney General
        Criminal Bureau
        One Ashburton Place
        Boston, Massachusetts 02108
        (617) 727-2200, ext. 2832