# United States Court of Appeals
## For the First Circuit

No. 05-2827
DC No. 05-cv-11103

RANDALL TRAPP,

Petitioner - Appellant,

v.

LUIS SPENCER, Superintendent, MCI - Norfolk,

Respondent - Appellee.

**ORDER OF COURT**
Entered: December 27, 2005

    This court has docketed petitioner's appeal from the denial of his petition for relief pursuant to 28 U.S.C. § 2254 in Civil Action No. 05-11103 (D. Mass.). On December 1, 2005, the district court granted by electronic order petitioner's request for a certificate of appealability. Pursuant to Local Rule 22.1, "[i]f the district court grants a certificate of appealability, it must state which issue or issues satisfy the standard set forth in 28 U.S.C. §2253(c)(2)."

    We now transmit copies of petitioner's request for a certificate of appealability to the district court and request that it specify as to which issues the certificate was granted. See Local Rule 22.1(b). Copies of the district court's ruling shall be forwarded to this court.

By the Court:
Richard Cushing Donovan, Clerk

**MARGARET CARTER**

By:_____
Chief Deputy Clerk

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT
IS A TRUE AND CORRECT COPY OF
THE ORIGINAL ON FILE IN MY OFFICE
AND IN MY LEGAL CUSTODY.

FIRST CIRCUIT COURT OF APPEALS
BOSTON, MA
By: J. Calardo  Date: 12.27.05

[Certified copy: Honorable Patti B. Sarris and Sarah A. Thornton, Clerk]

[cc: Victoria L. Nadel, Esq., Susanne G. Reardon, AAG]

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

RANDALL TRAPP,
    Petitioner

V.

LUIS SPENCER, Superintendent at MCI-NORFOLK,
    Respondent

Civil Action No.
05-11103-PBS

## APPLICATION FOR CERTIFICATE OF APPEALABILITY

Randall Trapp appeals to this Honorable Court pursuant to 28 U.S,C. sec. 2253 (c)(1)(A), F.R.A.P. 22(b) and Local Rule 22.1 to grant a certificate of appealability in the above-numbered matter. Without waiving any of the issues raised in his petition for habeas corpus filed pursuant to 28 U.S.C. sec. 2254, the Petitioner/Appellant states that the writ should have been considered timely filed because he was denied his constitutional right to federal review as evidenced in the following substantial reasons:

1.    THE PETITIONER WAS DILIGENT IN SEEKING FEDERAL REVIEW.

Mr. Trapp's petition for a writ of habeas corpus should be subject to equitable tolling since the late filing of the petition was not within the control of the Petitioner. Lattimore v. Dubois, 311 F.3d 46, 55 (1st Cir. 2002). The Petitioner was, at all times diligent about pursuing federal remedies. In the present case, Mr. Trapp pursued every avenue to preserve his appellate rights including filing his *pro se* new trial motion within one year of the Supreme Judicial Court



affirming his conviction in order to toll the statute of limitations for his habeas review. He continued to request appointed counsel even after the Superior Court denied his new trial motion and while that denial was pending before a single justice of the Supreme Judicial Court.

When he finally obtained counsel, who ultimately amended his new trial motion and succeeded in maintaining the matter on the Supreme Judicial Court docket for the several years it took to decide the amended motion, he was actively involved in every aspect of the case. Mr. Trapp continually asked about his habeas claim and wanted to know which issues would be reviewed by the federal court. Mr. Trapp relied on his lawyer's statements but was, at all times, personally diligent in pursuing his rights.

The error of counsel in calculating the date for filing is an egregious error when recognizing the totality of the circumstances. See, e.g. Baldayaque v. United States, 338 F.3d 145, 152 (2d Cir. 2003). Given that the right of review belongs to the petitioner who diligently sought federal review of his state court conviction, the error of counsel in failing to timely file, which was an error of a mere matter of months, not years, should not inhibit federal review of his claims.

Under the totality of circumstances, this one error, a miscalculation of eight months, should not create the impression with the Court that the petitioner was less than diligent in pursuing his federal claims. This minimal delay should not prevent Mr. Trapp from obtaining federal review. Equitable tolling is appropriate in this case.

2.   THERE IS NO PREJUDICE TO THE RESPONDENT.

In the present matter, the Petitioner seeks to toll less than eight months of time. The petitioner was tried and convicted and that matter was reversed on appeal. He was then retried and convicted with the conviction upheld by the Supreme Judicial Court. While seeking post-conviction counsel, he filed a new trial motion. At no time during the pendency of any motion in state court did the Commonwealth aver prejudice due to inordinate delay, a claim to which the Commonwealth was entitled. See, e.g., Commonwealth v. Wheeler, 52 Mass. App. Ct. 631, 637-638 (2001); Commonwealth v. Berrios, 64 Mass. App. Ct. 541, 557 (2005). Documents were timely filed in state court where the matter lingered on the docket due to no fault of the petitioner and with no objection by the Commonwealth.

Realistically, the less than eight month delay in the filing of the petition does not prejudice the respondent's claims. It is not an undue delay which may impair the Commonwealth's case, especially since this respondent has been on notice of the pendency and activity of this case since the petitioner filed his *pro se* new trial motion. It is not an extraordinary period of time and it has no bearing on the Commonwealth's ability to refute the Petitioner's claims successfully. Therefore, had this petition been timely filed, the Commonwealth would be in the exact same position it is in at this time in terms of the substance and merit of the arguments.

The Respondent has presented no factual or legal argument suggesting why any potential difficulty in retrying this case should take precedence of the

3

petitioner's constitutional right to due process. Regardless of potential difficulty, guilty parties have faced prosecution and conviction many years after events occurred. See, e.g., Beckwith v. State, 707 So. 2d 547, 604-05 (Miss. 1997) Chambliss v. State, 373 So. 2d 1185 (Ala. Crim. App.1979); Commonwealth v. George, 430 Mass. 276 (1999); Commonwealth v. Geoghan, 14 Mass. L. Rptr. 331 (2002). Contrarily, the Innocent Project has succeeded in reversing convictions for 162 people based upon forensic testing unavailable at the time of the trial but made available post conviction, sometimes years after "finality". See, http://www.innocenceproject.org

    Due process demands the release of those exonerated regardless of (a) the passage of time and (b) the lack of anyone held accountable for the offense. In the instant case, the petitioner has raised a forensic argument in regard to his injured brain which, like those exonerated through The Innocence Project, was not available at the time of his trial. The PET (positron emission tomography) scan in this case demonstrates that the experts who testified on behalf of the government at trial were completely incorrect in their assessment of the CT scan. The proof of brain injury obtained post-conviction raises substantial concerns about the validity of the first degree murder conviction in the present matter and whether or not the petitioner received a fair trial.

    In balancing the equities, the prejudice to the petitioner in being unable to raise his federal claims is far more significant than the respondent's alleged prejudice preparing for trial years after the offence. The relevant issue of insanity premised upon a brain injury relies upon expert testimony and not percipient

witnesses whose memories can fade over time. If anything, improvements in forensic techniques will clarify the presence or lack of petitioner's injury. Modern science will provide a more precise and clear picture for a jury on the issue of insanity. The respondent is not prejudiced by the additional eight month delay. Therefore, equitable tolling should apply.

3. THE PETITIONER'S IGNORANCE WAS ENTIRELY REASONABLE.

Mr. Trapp met his attorney several years ago and their working relationship has been excellent. Mr. Trapp learned to trust and depend on his counsel to protect his interests, preserve his claims and argue on his behalf. Mr. Trapp believed that his lawyer was a zealous and effective advocate who deeply cared about him as a person as well as the legal claims Mr. Trapp's case presented. Until his lawyer erred in filing the petition for habeas corpus late, Mr. Trapp dependence, trust and reliance were completely well founded. Therefore, when he trusted his lawyer that his habeas rights were protected, he was justified in that belief. He had, until that moment, no reason to second guess his attorney or seek outside assistance in calculating time for filing his federal claim. His lawyer's error should not impact whether or not he receives full and fair federal review of his claims in this, his first petition for habeas corpus.

The totality of the circumstances reveals an inmate determined to pursue federal remedies to errors in state court rulings. Further, the full accounting of the circumstances reveals an attorney, aware of and at all times concerned with the rights and interests of the client. The client relied on the lawyer who made an

5

utterly human error with potentially dire consequences. This error, however, has a remedy, which is the equitable tolling of a few short months in order to preserve the petitioner's federal claims. This is the appropriate solution to this case since the petitioner has established that he diligently pursued his federal claims and something extraordinary (his attorney who had not steered him wrong in the past) got in his way. Pace v. DiGuglielmo, ___ U.S. ___, 125 S.Ct. 1807, 1814 (2005).

4.   THE PETITIONER HAS NEVER RECEIVED FEDERAL REVIEW; THIS WAS HIS FIRST HABEAS PETITION.

In Lonchar v. Thomas, 517 U.S. 314 (1996), decided prior to the effective date of the AEDPA and the time constraints it imposes, the Court discussed the gravity of dismissing a petitioner's first request for habeas review. Indeed, in Lonchar, the Court reversed a dismissal of the petitioner's writ and remanded for further proceedings. The Court exclaimed that the history of the writ ensures safeguarding the highest principles of liberty. Id. at 322.

Dismissal of a first federal habeas petition is a particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty. See, Ex parte Yerger, 8 Wall. 85, 95, 19 L.Ed. 332 (1869) (the writ "has been for centuries esteemed the best and only sufficient defense of personal freedom"); Lonchar v. Thomas, 517 U.S. at 324.

Indeed, courts have made exceptions and placed petitioners within the timeframe for filing even in unusual circumstances. For example, in Frasch v. Peguese, 414 F.3d 518 (4th Cir. 2005), the petitioner pleaded guilty in state court in Maryland. Under Maryland law, he had the opportunity to apply for leave to

6

appeal the guilty plea in a collateral post-conviction proceeding within thirty days of his sentence. His attorney did not file the appeal and the petitioner did not seek review *pro se* within the allotted time period under the state law.

Almost ten years later, petitioner sought a belated review of his conviction, citing ineffective assistance of counsel for failing to file the initial appeal in a timely fashion. The Court of Special Appeals of Maryland granted leave to file a belated appeal which was, ultimately denied. The petitioner then sought habeas review within one year of that denial which the district court dismissed as untimely. The Court of Appeals for the Fourth Circuit reversed because it determined that the belated appeal was a direct appeal, albeit a dozen years after the original guilty plea.

Effectively, the Fourth Circuit equitably tolled the ten years between the conviction and the application for leave to file a late appeal even though the petitioner was not at all diligent in seeking to protect his rights under state law and there was nothing "pending" in state court which would toll the statute of limitation for purposes of the AEDPA. The Fourth Circuit tolled that the time period even though, under ordinary circumstances, a defendant who pleads guilty waives or relinquishes all constitutional claims. Tollett v. Henderson, 411 U.S. 258, 267 (1973). Constitutional claims are the very claims which may be brought in federal court on petition for habeas corpus.

Courts agree that the constraints of the AEDPA create a statute of limitations subject to equitable tolling. However, for this determination to have any meaning at all, equitable tolling must have some applicability. This case,

where there would otherwise be no recourse for the petitioner and no review of his federal claims, is just such a case.

While the defendant may not be able to demonstrate "actual innocence", he is able to demonstrate "actual brain defect" which would affect the jury's understanding of and deliberation about his insanity. The Petitioner's arguments have merit, especially in the changing world of forensic science. He has never had an opportunity to present his claims for federal review and should be entitled to his last bastion to safeguard his liberty. Since he has been personally diligent in seeking to preserve his federal claims, in contrast to the petitioner in <u>Frasch</u>, *supra*, and requests a minimal amount of time to be tolled as opposed to the ten years allowed by the Fourth Circuit in <u>Frasch</u>. Mr. Trapp should not be forever impeded from federal review. The merits of the petition and the fact that it is the first time the Petitioner is seeking federal review warrant equitable tolling in the present matter.

5.  **ATTORNEY NEGLIGENCE AND INEFFECTIVE ASSISTANCE WARRANT EQUITABLE TOLLING.**

Mr. Trapp killed Lawrence Norton on May 8, 1981. Mr. Trapp has maintained that he suffers from a brain injury which prevented him from forming the requisite intent to commit murder. In 2001, Mr. Trapp submitted to a PET scan which revealed that he did, indeed, have an organic brain defect, an issue which had been hotly debated at trial. At trial, experts for the defense and the Commonwealth argued over whether or not a brain injury existed and the instruction to the jury stated that if the jury found that no brain injury existed, it

8

need deliberate no further on the issue of insanity. Advances in science have definitively proven that Mr. Trapp has an organic brain defect.

His insanity does not necessarily prevent him from discussing issues in his case, but it does significantly impair him. He trusted his attorney to file the petition for habeas corpus timely; counsel believed, incorrectly, that she had done so. There was no intentional delay by Mr. Trapp and, indeed, since he had received appointed counsel upon whom he reasonably relied, the issue of meeting the deadline was out of his hands. Hodas v. Sherburne, Powers & Needham, 938 F. Supp. 58 (D.Mass. 1996)(doctrine of continuing representation precludes faulty party for failing to second guess counsel.) While attorney negligence is not a sufficient rationale for tolling the limitations period, Howell v. Crosby, 415 F.3d 1250 (11th Cir. 2005), egregious conduct by counsel has been held to establish sufficient cause for tolling the limitations period. Spitsyn v. Moore, 345 F.3d 796 (9th Cir. 2003); Baldayaque v. United States, 338 F.3d 145, 152 (2d Cir. 2003).

In the instant matter, counsel was informed well in advance that she would be responsible to file for habeas and misread the statute which is inexcusable and egregious behavior if it has the effect of preventing federal review of the state claims forever. Further, counsel informed Mr. Trapp of the wrong date for filing the claim in federal court upon which Mr. Trapp reasonably relied. This misstatement to a client who maintained active involvement in both trials, direct review and throughout the collateral process is beyond mere negligence. It is a

9

factor which, in effect, prohibited or prevented Mr. Trapp from filing his claim on time due to no fault of his own.

Indeed, prior to obtaining appointed counsel, Mr. Trapp had filed his own new trial motion in time to preserve his federal claims. He doggedly sought representation even after he filed his *pro se* in state court and finally secured counsel on whom he depended throughout the proceedings. Over the course of more than five years during which he was represented, Mr. Trapp learned to trust and depend upon his attorney. That trust carried into the period in which the habeas petition should have been filed. Due to his attorney's error, not the defendant's, it was not timely. For purposes of determining the totality of circumstances in affording the petitioner equitable tolling of time to allow for the prompt filing of his habeas petition, the two cases are identical.

In the present matter, the Committee for Public Counsel Services approved counsel to file the claim, the client reasonably relied on counsel to file timely and counsel erred. Equitable tolling is applicable because Mr. Trapp, who is already impaired due to his brain injury, relied on his lawyer's statements that his habeas rights intact. His lawyer's egregious neglect of the appropriate time period despite concerns and care of Mr. Trapp regarding his federal claims is reason to toll the time and consider the merits of the petition.

6. **JUDICIAL ECONOMY DEMANDS THAT EQUITABLE TOLLING APPLY.**

Further, since Mr. Trapp can and should seek review for ineffective assistance of counsel in state court, the merits of the petition for habeas corpus

will be addressed at some point. See, Commonwealth v. Harbin, 435 Mass. 654, 662 (2002) (accepting without argument that ineffective assistance of post-conviction counsel is cognizable state claim), Bates v. Commonwealth, 434 Mass. 1019 (2001) (recognizing that a claim of ineffective assistance of appellate counsel may be made in a motion pursuant to Mass.R.Crim.P. 30, 378 Mass. 900 (1979)), Breese v. Commonwealth, 415 Mass. 249 (1993) (recognizing claim of ineffective assistance of second appellate counsel. Commonwealth argued that there is no right to counsel on post-conviction matters and therefore no right to effective assistance of counsel on post-conviction matters to which the Supreme Judicial Court responded, "[w]hen counsel is appointed for a defendant that defendant is entitled to receive effective assistance form appointed counsel. We do not permit any counsel to fall below the [Commonwealth v. Saferian, 366 Mass. 89 (1974)] standard." Commonwealth v. Breese, 415 Mass. at 251, n.4). If the substance of his claims have merit, Mr. Trapp will succeed on his ineffective assistance claim and the matter will be addressed in state court. If, on the other hand, there is no merit to the substance of his claims, then the matter will be over.

Any future court, to determine whether or not the error by counsel prejudiced Mr. Trapp, would be required to review the merits of the petition for habeas corpus. Strickland v. Washington, 466 U.S. 668, 685 (1984), United States v. Cronic, 466 U.S. 648, 656-657 (1984). To determine whether counsel was effective within the bounds of the Constitution, the defendant must show both that the attorney's performance was deficient and that that deficiency

prejudiced the accused. Strickland, 466 U.S. at 687. Thus, the merits of the petition will be litigated either in the present petition or at a future date on an ineffective assistance of counsel claim.

But, federal review would only be available at this time. Even if successful in state court, the petitioner still would be deprived of federal review. Given the dire consequences of this result, the petitioner should be permitted to go forward with his federal claims at this time.

Having presented meritorious issues for appeal, Barefoot v. Estelle, 463 U.S. 880, 888 (1983), the Petitioner prays this Honorable Court to grant his request to appeal to the United States Court of Appeals for the First Circuit. For all of the foregoing and for all of the reasons stated in Petitioner's petition for habeas corpus filed pursuant to 28 U.S.C. sec. 2254, the Petitioner moves this Honorable Court to grant his request for a certificate of appealability.

          RANDALL TRAPP
          By his attorney,

          Victoria L. Nadel
          8 Winter Street
          Boston, MA 02108
          (617) 738-0474
          BBO#630411