UNITED STATES DISTRICT JUDGE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RANDALL TRAPP,<br>             Petitioner,<br><br>      v.<br><br>LUIS SPENCER, SUPERINTENDENT,<br>MCI-Norfolk,<br>             Respondent. | )<br>)<br>)<br>)<br>) CIVIL ACTION NO. 05-11103-PBS<br>)<br>)<br>)<br>)<br>) |

### ORDER ALLOWING
### CERTIFICATE OF APPEALABILITY

February 6, 2006

Saris, U.S.D.J.

    Pursuant to 28 U.S.C. § 2253(c)(2) and (3) and Interim Loc. R. 22.1, on December 1, 2005, I allowed a certificate of appealability because the applicant has made a substantial showing of a denial of a constitutional right.

    As background, habeas petitioner, who has been convicted of first degree murder, claims he has new scientific evidence of an organic brain defect which supports his defense of not guilty by reason of insanity.  The magistrate judge recommended that the Court dismiss the petition as untimely (Docket No. 15), and the Court adopted the recommendation (Docket entry of 10/24/2005).

    The issue for appeal is whether the doctrine of equitable tolling should toll the one-year statute of limitations for filing a habeas petition under 28 U.S.C. § 2244(d)(1) when a habeas petitioner was diligent in preserving his rights but the attorney, who was appointed by the state, was negligent in filing

the petition eight months late, and petitioner reasonably relied on the attorney to timely file his petition.

I adopted the magistrate judge's report and recommendation because the attorney neglect was garden-variety, and the caselaw is against petitioner.  See, e.g., David v. Hall, 318 F.3d 343, 346 (1st Cir. 2003) (dismissing petition as time-barred and upholding the finding that a mistake by counsel in computing the time limit is "routine error"); Donovan v. Maine, 276 F.3d 87, 93 (1st Cir. 2002) (using totality of the circumstances test to evaluate applicability of equitable tolling doctrine to resurrect a time-barred habeas application); see also Howell v. Crosby, 415 F.3d 1250, 1252 (11th Cir. 2005) (holding that negligence of private attorney appointed by the court is not a basis for equitable tolling).  While petitioner claims he had an organic defect, there is no evidence he was incompetent or unable to work with counsel.

On the other hand, some appellate courts have been convinced that attorney errors of similar ilk have been egregious.  See, e.g., Spitsyn v. Moore, 345 F.3d 796, 798 (9th Cir. 2003) (finding conduct of privately retained attorney egregious where he failed to return file when requested); Baldayaque v. United States, 338 F.3d 145, 152 (2d Cir. 2003) (attorney's refusal to file habeas petition was sufficiently egregious to justify tolling).

Further, no court has focused on the effect of negligence of a court-appointed counsel from a state-run public defender's office, where petitioner was diligent in protecting his rights, was justified in relying on counsel who had represented him well for five years, and meeting the deadline was effectively out of his hands once counsel was appointed.  See Neverson v. Farquharson, 366 F.3d 32, 43 (1st Cir. 2004) (preserving equitable tolling for cases in which circumstances beyond the litigant's control have prevented him from promptly filing).

While I saw nothing in the record that ratcheted the attorney's negligent conduct into the realm of egregiousness, the bottom line seems unfair, and reasonable minds could differ on whether under the totality of the circumstances the doctrine of equitable tolling should preserve this claim because timely filing was out of a litigant's control.[1]  Accordingly, I **ALLOW** the certificate of appealability.

**S/PATTI B. SARIS**  
United States District Judge

---

[1] By error, an order denying the certificate of appealability was entered on January 3, 2006, and I strike it from the record.